UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------1-4x CV 2635

JOSEL LITTLE,

**COMPLAINT**

                                     Plaintiff,

Docket No.

**JUDGE TORRES**-against-

Jury Trial Demanded

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                     Defendants,

RECEIVED
APR 14 2014
U.S.D.C. S.D. N.Y.

----------------------------------------------------------------------X

       Plaintiff JOSEL LITTLE, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JOSEL LITTLE is a nineteen year old African American man residing in Queens, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On January 15, 2013, at approximately 10:00 p.m., plaintiff JOSEL LITTLE was lawfully present inside 2800 Schley Avenue, Bronx, New York.

13.     Plaintiff was not committing any crime or offense and was visiting with Taniya Burns, a resident of Apartment 2C.

14.     At the aforesaid time and place, defendant police officers, JOHN DOE # 1 and JOHN DOE # 2, unlawfully stopped and questioned plaintiff.

15.     Upon information and belief, the defendant officers stopped plaintiff pursuant to a policy and practice of disproportionately stopping and questioning African American and Hispanic American individuals.

16.     Notwithstanding the fact that plaintiff was not committing a crime or offense, defendants JOHN DOE # 1 and JOHN DOE # 2 arrested plaintiff, placing handcuffs on his wrists, detained plaintiff, and transported plaintiff to an NYPD precinct.

17.     The defendants caused plaintiff to be imprisoned until the next evening when plaintiff was released.

18.     The plaintiff was not charged with any crime or offense.

19.     Defendants JOHN and JANE DOE 3 through 10 are NYPD police officers and/or supervisors who were present during, or aware of the unlawful conduct described herein, but failed to intervene despite having a meaningful opportunity to do so.

20.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

3

21.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on when to stop, detain, and arrest individuals.

22.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

23.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.    As a result of the foregoing, plaintiff JOSEL LITTLE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

4

27.     All of the aforementioned acts deprived plaintiff JOSEL LITTLE, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants JOHN DOE # 1 and JOHN DOE # 2 arrested plaintiff JOSEL

LITTLE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34.     The defendants caused plaintiff JOSEL LITTLE to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The defendants falsely arrested plaintiff JOSEL LITTLE because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

38.     As a result of the foregoing, plaintiff JOSEL LITTLE was deprived of his rights under the Equal Protection Clause of the United States Constitution.

39.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The defendants had an affirmative duty to intervene on behalf of plaintiff JOSEL LITTLE, whose constitutional rights were being violated in their presence by other officers.

42.     The defendants failed to intervene to prevent the unlawful conduct described herein.

43.     As a result of the foregoing, plaintiff JOSEL LITTLE'Sliberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

44.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

47.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

48.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited disproportionately stopping, detaining, and arresting individuals due to discrimination against them based on their race and/or nationality, arresting individuals without probable cause, and falsifying evidence against wrongfully arrested individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JOSEL LITTLE'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEL LITTLE.

52.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff JOSEL LITTLE as alleged herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSEL LITTLE as alleged herein.

54.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOSEL LITTLE was unlawfully arrested.

55.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEL LITTLE'S constitutional rights.

56.     All of the foregoing acts by defendants deprived plaintiff JOSEL LITTLE of federally protected rights, including, but not limited to, the right:

         A.     Not to be deprived of liberty without due process of law;

         B.     To be free from false arrest/unlawful imprisonment;

         C.     To be free from the failure to intervene;

         D.     To receive equal protection under law.

57.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

60.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

62.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

63.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants arrested plaintiff JOSEL LITTLE without probable cause.

66.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

67.     As a result of the aforementioned conduct, plaintiff JOSEL LITTLE was unlawfully imprisoned in violation of the laws of the State of New York.

68.     As a result of the aforementioned conduct, plaintiff JOSEL LITTLE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

69.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     As a result of the foregoing, plaintiff JOSEL LITTLE was placed in apprehension of imminent harmful and offensive bodily contact.

72.     As a result of defendant's conduct, plaintiff JOSEL LITTLE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

73.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants made offensive contact with plaintiff JOSEL LITTLE without privilege or consent.

76.     As a result of defendants' conduct, plaintiff JOSEL LITTLE has suffered physical

pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

77.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

80.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

81.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

82.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JOSEL LITTLE.

83.     As a result of the aforementioned conduct, plaintiff JOSEL LITTLE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEL LITTLE.

87.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

88.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEL LITTLE.

91.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN FIFTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     As a result of defendants' conduct, plaintiff JOSEL LITTLE was deprived of his right to equal protection of laws.

100.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

101.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     As a result of defendants' conduct, plaintiff JOSEL LITTLE was deprived of his right to security against unreasonable searches, seizures, and interceptions.

103.     As a result of the foregoing, plaintiff JOSEL LITTLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOSEL LITTLE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       April 14, 2014

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff JOSEL LITTLE
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>        JASON LEVENTHAL (JL1067)
>        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JOSEL LITTLE,

                                              Plaintiff,

                                                                              Docket No.

          -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                              Defendants,

-------------------------------------------------------------------------------X

## COMPLAINT

### LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100